# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-31078

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2016

Lyle W. Cayce
Clerk

DARNELL RANDLE,

      Plaintiff - Appellant

v.

MIKE TREGRE, individually and in his official capacity as the Sheriff for St. John the Baptist Parish; ST. JOHN THE BAPTIST PARISH LAW ENFORCEMENT DISTRICT, State of Louisiana; SIDNEY TRICHE, individually and in his official capacity as a Deputy Sheriff for St. John the Baptist Parish; WALTER R. CHAPPEL, individually and in his official capacity as a Commander Sheriff or employee for St. John the Baptist Parish; TRAVIS THOMAS, individually and in his official capacity as a Detective for St. John the Baptist Parish; HARDY SCHEXNAYDER, individually and in his official capacity as a Detective Sergeant for St. John the Baptist Parish; JONATHAN E. RIVET, individually and in his official capacity as a Narcotics Detective for St. John the Baptist Parish; JUSTIN W. BORDELON, individually and in his official capacity as a Detective for St. John the Baptist Parish; ANTHONY J. GOUDIA, individually and in his official capacity as a Detective for St. John the Baptist Parish; HEATHER A. CRUSE, individually and in her official capacity as a Deputy for St. John the Baptist Parish,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-395

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

No. 15-31078

PER CURIAM:*

Plaintiff-Appellant Darnell Randle appeals the district court's grant of summary judgment for Defendant Justin Bordelon. As relevant here, Randle filed a lawsuit under 42 U.S.C. § 1983 alleging that Bordelon, a sheriff's office detective, violated his rights under the Fourth Amendment by using excessive force in order to extract narcotics that Randle was hiding in his mouth. Specifically, Randle contends that Bordelon punched him several times in the face, used a flashlight to hit him in the face and to pry open his mouth, and utilized a sleeper hold on him, all after he had been placed in handcuffs.

The district court granted summary judgment, holding that Bordelon was entitled to qualified immunity. The court concluded that there was no evidence that Bordelon punched Randle or hit him with the flashlight. The district court further determined that Bordelon's use of the sleeper hold and the flashlight to retrieve the narcotics did not constitute excessive force under the Fourth Amendment. Finally, the court concluded that even assuming Bordelon's actions constituted excessive force in violation of the Fourth Amendment, they did not violate clearly established law.

"We review the district court's summary judgment decision *de novo*, using the same standard as the district court." *Roberts v. City of Shreveport*, 397 F.3d 287, 291 (5th Cir. 2005). Summary judgment is appropriate if the record discloses "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine if the summary judgment "evidence is such that a reasonable jury could return a verdict for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

477 U.S. 242, 248 (1986). "Once defendants assert the qualified immunity defense, '[t]he plaintiff bears the burden of negating qualified immunity . . . but all inferences are drawn in his favor.'" *Brauner v. Coody*, 793 F.3d 493, 497 (5th Cir. 2015) (quoting *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citation omitted)). To overcome qualified immunity, a plaintiff must show that (1) the defendant's conduct violated a federal right and (2) the right in question was clearly established at the time of the violation. *See Tolan v. Cotton*, 134 S. Ct. 1861, 1865-66 (2014); *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Here, Randle makes no meaningful attempt to argue that Bordelon's actions violated clearly established law at the time of the incident. He has thus forfeited any argument in this respect. *See, e.g.*, *United States v. Thompson*, 735 F.3d 291, 298 n.17 (5th Cir. 2013) (insufficiently briefed issue is forfeited). We therefore need not decide whether the district court erred in determining that Bordelon did not strike Randle and that his actions did not violate the Fourth Amendment. Accordingly, the district court's grant of summary judgment in favor of Bordelon is AFFIRMED.